UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELVIN LAMONT BUCK MEEKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-CV-0086-CVE-MTS |
| ) | |
| LAQUESHA LASHAY ANNETTE NELSON, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On February 28, 2024, plaintiff Melvin LaMont Buck Meeks filed a pro se complaint (Dkt. # 1) for violation of his civil rights. The Court addresses plaintiff's complaint sua sponte because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" See 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006)); see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff has asserted a 42 U.S.C. § 1983 claim against his ex-wife, LaQuesha LaShay Annette Nelson–who is allegedly employed at Blue Cross Blue Shield and not as a state or local official– averring she violated his First Amendment rights. Dkt. # 1, at 2-3. He claims that "[m]y wife went against me and she use the state to do it. She provoked me to anger. She slander my name. She [b]roke our vow. She divorce

me. Treason. Provoking. Divorce. Perpetratoring [sic]. Slandering. Breaking of vow. Adultery if she is with another." Id. at 4. He alleges these events "started in the car, then home, and last jail" and occurred at various times in December 25-27, 2022, February 19-24, 2023, November 3, 2023, and January 29-31, 2024. Id. Plaintiff alleges that he suffered prison time and emotional damages as a result of his wife's actions, and requests the following relief:

> for all she has cause me I will like her to make an ap to me on the new and tell everyone she was just mad/anger at me. Double everything of mine that she throw away or gave away. Last Give Me Time a chance to make it up to my Daughter.

Id. at 5.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject-matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case"); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction"). The Court has an obligation to consider whether subject-matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The Court will consider whether plaintiff's complaint could be construed to allege a claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)). Plaintiff has asserted a claim under § 1983, which requires state action and state or local officials acting under the color of state or local law. See 42 U.S.C. § 1983. Defendant, based on her alleged employment with Blue Cross Blue Shield, does not appear to be a state or local official. Dkt. # 1, at 2. Plaintiff has also not alleged that she is a state or local official. Plaintiff has not otherwise alleged facts pertaining to state or local officials, and left the prompt "if you are suing under section 1983, explain how each defendant acted under color of state or local law" blank in his complaint.

The Court fails to see how plaintiff alleges a sufficient claim under § 1983, or any other federal law. The generous construction to be given a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court can discern no other federal question presented on the face of plaintiff's complaint supporting federal question jurisdiction. Diversity jurisdiction is also not satisfied because both defendant and plaintiff are

citizens of Oklahoma, and plaintiff has not plead an amount in controversy. See 28 U.S.C § 1332. The Court therefore lacks subject-matter jurisdiction, and the case should be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice** for lack of subject-matter jurisdiction. A separate judgment of dismissal is entered herewith.

**DATED** this 11th day of March, 2024.

*[signature: Claire V Eagan]*

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE